**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-4071

_____

UNITED STATES OF AMERICA

v.

TONY ORENTHAL FLOYD,
a/k/a NELLO

TONY ORENTHAL FLOYD,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania,
(District Court No. 2:08-cr-00385-001)
District Judge: Hon. Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2016

_____

Before: McKee, *Chief Judge,*[*] Hardiman and Rendell, *Circuit Judges*.

(Opinion filed:  December 8, 2016)

_____

OPINION[**]

_____

[*] Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third Circuit on September 30, 2016.
[**] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Tony Orenthal Floyd appeals from an order of the District Court for the Western District of Pennsylvania revoking a term of supervised release and imposing 21 months of imprisonment followed by a term of 24 months of supervised release as a sanction for Floyd violating the terms of his supervised release. Floyd argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the purposes of sentencing. For the reasons that follow, we will affirm the District Court's sentence.

I.

Floyd pled guilty in 2010 to one count of possession with intent to distribute five grams or more of crack cocaine. The court granted a downward variance from the suggested Guideline range and sentenced him to the mandatory minimum sentence of 60 months in prison and five years of supervised release. The sentence was the lowest possible sentence that the court could have imposed.

Within months of being released from prison on that sentence, Floyd was arrested for both driving under the influence and possessing heroin with the intent to deliver. As a result, Floyd's supervision was revoked and he was sentenced to 14 months imprisonment and a new term of supervised release that included residential drug treatment. When released from imprisonment for a second time, he again almost immediately violated his supervision by testing positive for cocaine and marijuana and failing to comply with his drug treatment. He fled the state when he learned that a warrant had been issued for his arrest on a number of charges. When he was

2

apprehended, the District Court revoked his supervised release term and sentenced him to 21 months' imprisonment, followed by 24 months of supervision. The government agreed that the highest grade violation facing Floyd was a Grade B violation stemming from his drug possession, and stipulated that the applicable guideline range was 21 to 27 months imprisonment. The sentence that was imposed was therefore at the very bottom of the suggested range. Floyd now appeals that sentence.

## II.

We review the District Court's revocation of supervised release for an abuse of discretion.[1] The party challenging the substantive reasonableness of the sentence bears the burden of establishing an abuse of discretion.[2] We will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[3]

## III.

Revocation of supervised release is governed by 18 U.S.C. § 3583, which instructs a sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence for violation of supervised release.[4] Floyd has not come close to demonstrating

[1] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).
[2] *Id.*
[3] *Id.* at 568.
[4] However, 18 U.S.C. § 3583(e) omits § 3553(a)(2)(A) (punitive purposes of sentencing) and § 3553(a)(3) (kind of sentences available) from the § 3553(a) factors to be considered when sentencing a defendant for violation of supervised release. While the Guidelines are advisory and sentencing courts have broad discretion in imposing sentences, sentencing courts are required to give meaningful consideration to the § 3553(a) factors and reasonably apply those factors. *See United States v. Booker*, 543 U.S. 220, 246 (2005)

3

substantive unreasonableness. A sentence is not unreasonable simply because the sentencing court failed to give mitigating factors the weight a defendant attaches to them.[5]

Floyd relies almost exclusively on the language in § 3553(a) which states that a court must impose a sentence that is "sufficient but not greater than necessary." He argues that the sentence imposed by the District Court is greater than necessary—and, therefore, substantively unreasonable—since a 21-month period of incarceration would likely worsen his serious drug addiction.

The District Court discussed each § 3553(a) factor in detail in determining what sentence would be most appropriate for Floyd given his history of recidivism and drug addiction. The court considered, among other factors, the need to provide Floyd with alcohol and substance abuse treatment. The District Court acknowledged that it takes time for an individual to control an addiction. The court also noted the extent to which the probation officer had tried to work with Floyd. Floyd had been granted supervised release twice by the court and both times violated the terms of the release. Floyd had also been placed in both in-patient and out-patient treatment programs but either failed to complete the programs or began using drugs again shortly after completing them. Given

(stating that the guidelines are advisory); *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated in part by Rita v. United States*, 551 U.S. 338 (2007) (requiring courts to give "meaningful consideration" to the § 3553(a) factors). The sentencing court need not make findings on the record as to each factor if the record demonstrates that the court took the factors into account in sentencing. *Bungar*, 478 F.3d at 543; *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007).
[5] *Lessner*, 498 F.3d at 204.

Floyd's response to his prior two sentences, the District Court's conclusion that 21 additional months imprisonment followed by another 24 months of supervised release was sufficient but not greater than necessary to address the goals of punishment, rehabilitation, and deterrence was reasonable.[6]

IV.

For the reasons set forth above, we will affirm the judgment of sentence.

---

[6] We are not unsympathetic to Floyd's argument that the sentence is particularly severe for "a 35-year-old man struggling with . . . a 'serious drug problem,'" and that alternatives were available. *See* Appellant's Br. at 16. However, given Floyd's reaction to the prior two sentences it is clear that neither his demographics, nor the perceived severity of the sentence, render it unreasonable.